## COLEMAN vs. WHITE.

Under section 18 of the General Banking Law (R. S. Chap. 71), all the stockhold-
ers of a bank are liable to all its creditors, as original and principal debt-
ors, substantially as though they were copartners, except that the respon-
sibility of each is limited to a sum equal to his shares of stock; and this
liability attaches the moment a debt is contracted by the bank.

The remedy of the creditor of a bank under that section, is by a suit in equity, in
which all the creditors should join, or one or more of them should sue for
the benefit of all; and the action should be against the bank and all the
stockholders, unless it be impracticable to bring them all before the court, or
some other sufficient reason for omitting any of them be shown.

APPEAL from the Circuit Court for *Racine* County.

The case is sufficiently stated in the opinion of the court.
The circuit court rendered judgment for the plaintiff.

*Strong & Fuller*, for appellant, commented on the New
York cases sustaining the form of action here adopted, and
contended that they were not sustained by any decision in
any other state, but that where stockholders had been held
personally liable in other states, it had been so expressly
provided in their charters; citing Ang. & Ames on Corp.,
§§ 611–622.

*Sanders & Ladd*, for respondent, cited as to the correct-
ness of the form of action, 19 Johns., 456; *Rosevelt vs.
Brown*, 11 N. Y. (1 Kern.), 148; *Briggs vs. Penniman*, 8

Cow., 389 ; *Bank of Poughkeepsie vs. Ibbotson*, 24 Wend., 472 ; *Vanhook vs. Whitlock*, 3 Paige, 414 ; *Moss vs. Oakley*, 2 Hill, 265–70 ; 18 N. Y., 200, 218, 222, 228 ; *Garrison vs. Howe*, 17 N. Y., 458.

January Term, 1862.

COLEMAN
v.
WHITE.

By the Court, DIXON, C. J.    Section 18 of the general banking law, chapter 71, Revised Statutes, declares : "The stockholders in every corporation or association organized under the provisions of this chapter, shall be individually responsible, to the amount of their respective share or shares of stock, for all its indebtedness and liabilities of every kind."    This is an action at law founded upon this section, instituted by the plaintiff as a creditor of the City Bank of Racine, a corporation organized under the act, against the defendant, an individual stockholder, to recover a debt due from the bank ; and the questions presented relate to the nature of the liability imposed and the form of remedy to be pursued.    Other questions are presented by the case, but the disposition we make of these renders their consideration unnecessary.

January 7.

We are of opinion that the liability is primary and absolute, and attaches the moment the debt is contracted by the bank—that it is a liability of all the stockholders to all the creditors, on the principle of co-partnership, the stockholders standing on substantially the same footing as though they were partners or an incorporated association, save only that the responsibility of each is limited to a sum equal to his share or shares of stock.    Subject to this limitation they are answerable as original and principal debtors, and their liability more nearly resembles that of co-partners than any other with which it can be compared.    These positions, it is believed, are fully sustained by the following authorities :— *Marcy vs. Clark*, 17 Mass., 330 ; *Allen vs. Sewall*, 2 Wend., 327 ; *Sewall vs. Allen*, 6 Wend., 335 ; *Moss vs. Oakley*, 2 Hill, 265 ; *Hager vs. McCullough*, 2 Denio, 119 ; *Corning vs. McCullough*, 1 Coms., 47 ; *Matter of Empire Bank*, 18 N. Y , 218 ; *Mokelumne Co. vs. Woodbury*, 14 Cal., 265 ; *Wright vs. Field*, 7 Porter's Ind., 376 ; *Planter's Bank vs. Bivingsville Man. Co.*, 10 Rich. Law, 95 ; and cases hereafter cited.

January Term, 1862.

COLEMAN
v.
WHITE.

We are persuaded that the remedy should be by suit in equity, in which all the creditors should join, or one or more of them should sue for the benefit of all, and that the action should be against the bank and all the stockholders, unless it be impossible or impracticable to bring them all before the court, or some other sufficient cause for the omission be shown. This conclusion, we think, follows necessarily from the nature of the obligation imposed, it being a liability on the part of all the stockholders, in proportion to the amounts of their respective shares, to all the creditors according to the sums severally due them. It is an indebtedness which a court of law has no power to regulate and adjust, and to which the jurisdiction and powers of equity are peculiarly and exclusively adapted. The creditors should all join, because they have a common interest in the funds to be realized; or if the action be commenced by one or more of them, the complaint should be so framed that the others may come in and prove their claims before the court or a referee, and share in the distribution of the moneys received. All the stockholders should be made defendants, because they too have a common interest, and without their presence it is impossible to adjust their rights and liabilities, and protect them from unequal and oppressive burdens. The same reasons exist for making all the stockholders parties to such actions as in proceedings against delinquent stock subscribers to compel them to contribute towards the payment of the debts of an insolvent or bankrupt corporation. See *Adler vs. Milwaukee Pat. Brick Co.*, 13 Wis., 57. The corporation should be joined, unless it has been dissolved, or its assets wholly exhausted, for the reason that both creditors and stockholders are interested in closing its affairs and in having its available property appropriated to the payment of debts, without which there can be no final settlement and adjudication of the rights and liabilities of the parties.

In coming to these conclusions in opposition to the decisions of the courts of New York in *Bank of Poughkeepsie vs. Ibbotson*, 24 Wend., 273, and subsequent cases, we have yielded to what we deem the better considered and more rational and satisfactory decisions of the Supreme Court of

Massachusetts upon similar statutes. In *Harris vs. Dor-*
*chester*, 23 Pick., 112, it was held that an action at common
law would not lie in favor of a creditor of a bank against a
stockholder, to enforce a provision of statute, that if any loss
or deficiency should arise from the official mismanagement
of the directors, the stockholders should, in their individual
capacity, be liable to pay the same ; but the remedy was by
bill in equity. In the late case of *Crease vs. Babcock*, 10
Metcalf, 525, it was determined, under a statute creating a
similar liability, that the bill holders could not severally
maintain a bill in equity against the stockholders to compel
payment and redemption of the unpaid bills held by them re-
spectively, but that all of them must join in one bill, or one or
more of them must file a bill for the benefit of all, against all
the stockholders. The reasoning of the court in the first case
covers the whole ground, and is to our minds quite conclusive.
After adverting to the well known principle upon which the
courts of New York place the right of each creditor to
maintain a separate action, that when a statute creates a
right but does not establish any particular remedy, the com-
mon law, to effectuate the purposes of the statute, interposes
and supplies a convenient and adequate remedy, the court
says : "If actions at law will lie, suits may be multiplied to
an indefinite extent. Each bill holder or other creditor
must have his separate suit, and each stockholder must be
sued separately. Again, suits between stockholders to ad-
just their contributions would be interminable. If a credit-
or's demand be larger than the amount of stock owned by
any one, he must have several suits against several individuals
on the same cause of action, or lose a part of his just demand.
If any one stockholder owned more stock than was needed
to meet any one claim made upon him, he would be liable
to several suits. It may happen, and probably has happen-
ed in this instance, that a bank owes more than the amount
of its whole capital. In such case there must either be a *pro
rata* division among the creditors, of what may be recovered,
which would be impracticable in suits at law, or those who
sue first must recover the whole of their debts, leaving oth-
ers totally remediless, which would be palpably unjust.—

The evils and inconveniences of attempting to enforce this section by suits at common law would be incalculable; and such remedy would be inadequate, vexatious and mischievous. The only proper means of giving effect to this provision is by a process in equity; and this, of all cases which can arise, seems to call most loudly for a chancery jurisdiction. To a bill in equity all persons, however numerous, might be made parties; and all the relative and conflicting claims of the many creditors and stockholders settled, and their proportionate rights to recover, and liabilities to contribute, adjusted in a single suit. We are all, therefore, of opinion, that this case comes within the equity jurisdiction of the court, and that an action at law will not lie."

It is worthy of observation that these decisions are placed entirely upon the provisions of statute creating the liability, and were made without reference to any other statute indicating that the proceeding in equity was that intended by the legislature; it being considered, from the nature of the obligation imposed, that the equitable remedy alone was applicable, and that the legislature impliedly adopted it. We are not required to go so far, since we have a statute which plainly points to the equitable process as that which the legislature designed should be used. Sections 21 to 32 inclusive, of chapter 148 of the Revised Statutes, clearly refer to proceedings of this nature, and point out the several steps to be taken, which must be in a court of equity. These provisions were in force at the time the banking law was enacted, as sections 9 to 20 of chapter 114 of the Revised Statutes of 1849, and it must be presumed that in creating the liability the legislature intended to adopt the remedy prescribed by them.

Although we do not intend to criticise the opinions of the courts of New York, we may with propriety suggest that the inconvenience and delays suffered by the smaller creditors in consequence of being deprived of their action at law, and compelled to resort to equity, are perhaps compensated by the certainty which they have of receiving their due proportion of the funds realized. The door to favoritism and preferences, as between stockholders and different creditors,

is closed, and the doctrine of equality among all the credit-
ors firmly established. This we believe to be in accordance
with the intention of the legislature. If the delays of a
court of chancery are considered as a hardship, the loss by
the creditor of his entire demand may possibly be regarded
as a greater; and though the protection of the stockholders
alone might not be a sufficient ground for proceedings in
equity, yet the combined benefits resulting both to them
and the creditors may be.

We are of opinion that this action cannot be maintained,
and that the judgment of the circuit court must be reversed,
and the cause remanded with directions that it be dismissed.

NOTE.—The case of *Carpenter vs. The Marine Bank and others*, decided at the
same term, was, as stated in the opinion of the court, "an action at law to en-
force the provisions of the 18th section of chapter 71, R. S., instituted for the
sole benefit of the plaintiff against the bank and three of the stockholders."—
The court followed the decision in the above case of *Coleman vs. White*, holding
that "the action should have been commenced for the benefit of all the creditors
of the bank, and all the stockholders should have been joined as defendants;"
and on that ground affirmed the decision of the circuit court, sustaining a demur-
rer to the complaint for defect of parties.                          REP.