Foster vs. Posson and another.

FOSTER, Respondent, vs. POSSON and another, imp., Appellants.

*November 24 — December 15, 1899.*

Corporations: Stockholder's liability: Practice: Subject of the action: Pleading: Res adjudicata.

1. Under sec. 1769, R. S. 1878 (providing that the stockholders of every corporation, other than railroad corporations, shall be personally liable, to an amount equal to their respective holdings of stock, for debts due its employees), the liability of stockholders to creditors must be worked out in a single suit in equity, all creditors joining as plaintiffs, or some of them suing for the benefit of all, and all stockholders, unless for some reason jurisdiction of some cannot be obtained, and the corporation, unless it has been dissolved or its assets wholly exhausted, must be joined as defendants.

2. There being but one action to enforce the personal liability of stockholders to creditors, the subject of the action includes not only the enforcement of such liability, but the adjustment of all the equities of the stockholders between themselves in regard to it, and hence all such matters constitute but one cause of action.

3. In an action brought by D. and other creditors of an insolvent corporation, against the corporation and all its stockholders, to enforce their personal liability existing under sec. 1769, R. S. 1878, a judgment was rendered which decreed the amount of damages and costs due plaintiffs, and that certain stockholders, naming them, were liable therefor to the amount of their respective holdings. Thereafter certain of the stockholders, adjudged to be so liable, paid the entire amount but not in proportion to their stock, and assigned their claims for contribution against their associate stockholders to plaintiff, who thereupon brought this action against the corporation and all the stockholders except his assignors and nonresidents, to enforce such contribution. *Held*, that the subject of the action being the same in each action the doctrine of *res adjudicata* applied, and that it was not permissible for the plaintiff's assignors to neglect to have the rights of stockholders between themselves adjusted in the action commenced by D., and then bring a new action for such purpose. BARDEEN, J., dissents.

4. It appearing from the complaint in such action that the former action by D. and others had proceeded to final judgment on the merits, such complaint fails to state a cause of action, because such judgment must be considered to have ended not only the primary but all incidental controversies. BARDEEN, J., dissents.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Certain persons holding claims against the Nimikon Iron Mining Company, for which the stockholders of such company were personally liable under sec. 1769, R. S. 1878, commenced an action against such corporation and all its stockholders to enforce such liability. Such proceedings were duly had that on the 6th day of February, 1897, a judgment was rendered decreeing that there was due to the creditors represented, as plaintiffs, $14,531.13 damages and costs; that certain stockholders, naming them, were liable therefor to the amount of their respective holdings of stock, specifying the same as to each stockholder, or sufficient thereof to satisfy the indebtedness mentioned. After the rendition of such judgment certain of the stockholders adjudged to be liable paid the entire amount of the indebtedness mentioned, but not in proportion to their stock. All of such paying stockholders assigned their claims against their associate stockholders for contribution, to plaintiff, *George C. Foster*, who thereupon brought this action against the corporation and all the stockholders of the company, except his assignors and nonresidents of the state. The matters heretofore referred to are set forth in the complaint by appropriate allegations, and in addition to the respective holdings of stock of the defendants at the time the indebtedness to the plaintiff's assignors was incurred by the corporation, the fact that the corporation is insolvent and has ceased to do business, and some other matters not material to the questions raised on the appeal. Defendants *George B. Posson, E. Lippmann* and E. F. Richter demurred to the complaint, first, for defect of parties defendant in that several of the alleged paying stockholders and assignors of plaintiff, naming them, were omitted; second, for want of facts sufficient to constitute a cause of action; and, third, because the action was barred by the statute of limitations. The demurrer was

overruled, and from the order accordingly entered this appeal was taken.

For the appellants there was a brief by *W. J. & J. H. Turner*, and oral argument by *W. J. Turner*.

For the respondent there was a brief by *R. Sleight* and *T. H. Bushnell*, attorneys, and *Gleason & Sleight*, of counsel, and also one by *T. H. Bushnell* and *R. Sleight*, and oral argument by *Mr. Sleight* and *Mr. Bushnell*.

MARSHALL, J.   Sec. 1769, R. S. 1878, provides that the stockholders of every corporation other than railroad corporations shall be personally liable to an amount equal to the amount of stock owned by them respectively in such corporation for all debts which may be due and owing to its clerks, servants, and laborers for services performed for such corporation, but not exceeding six months' services in any one case.   The nature of such stockholders' liability is precisely the same as the stockholders' liability to general creditors under sec. 47 of the banking act (subsec. 47, p. 1537, Stats. 1898).   In the one case the words " personal liability " are used, but in the other the same object is accomplished by the words " individual responsibility."   It is useless to spend time to demonstrate that the two expressions mean the same.   It was decided that under the banking act the liability of stockholders to creditors must be worked out in a single suit in equity, all creditors joining as plaintiffs or some one of them suing for the benefit of all, and all stockholders, unless for some reason jurisdiction of some of them cannot be obtained, being joined as defendants, with the corporation, if it is in existence and has property that can be reached.   That method of procedure was decided to be exclusive as early as *Coleman v. White*, 14 Wis. 700, which has been steadfastly adhered to up to the present time.   *Cleveland v. Marine Bank*, 17 Wis. 545; *Merchants' Bank v. Chandler*, 19 Wis. 434; *Terry v. Chandler*, 23 Wis.

456; *Gianella v. Bigelow*, 96 Wis. 185; *Booth v. Dear*, 96 Wis. 516.

But it is said that courts elsewhere distinguish between a statutory liability of all stockholders to a class of creditors and such a liability to all creditors. That is true, but courts elsewhere are not in harmony between themselves or all with this court on the question of how the liability must be enforced where it is for the benefit of all or a class of creditors. It is sufficient for this court that the law has been firmly established in this state, that the remedy for the enforcement of the statutory liability of stockholders of a corporation to a class of its creditors is the same as for the enforcement of such a liability to all its creditors. The language used by this court on the subject is general, covering every species of stockholders' liability created by statute. In *Day v. Buckingham*, 87 Wis. 215, the present chief justice said: "This court has repeatedly held, in effect, that an action to enforce a statutory liability against the stockholders of an insolvent corporation should be in equity and on behalf of one or more plaintiffs and all other creditors having similar claims against all such stockholders, and also against the corporation unless it has been dissolved or its assets wholly exhausted." *Sleeper v. Goodwin*, 67 Wis. 588, was to enforce a liability under sec. 1769, and the court held that the doctrine of *Coleman v. White, supra*, as to the enforcement of stockholders' liabilities to general creditors applied.

It follows necessarily that there can be but one action to enforce the personal liability of stockholders of a corporation to its creditors, whether in general or of a class, and that the subject of the action includes not only the enforcement of such liability, but the adjustment of all the equities of the stockholders between themselves in regard to it. Therefore, all such matters constitute but one cause of action. *Gager v. Marsden*, 101 Wis. 598. The primary pur-

Foster vs. Posson and another.

pose of a suit to enforce such cause of action is to recover the amounts due the creditors, but germane or incidental thereto is the secondary purpose of adjusting the equities of the stockholders between themselves, and that purpose must be there effected or not at all.   The doctrine of *res adjudi-cata* applies and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination.   The final judgment on the merits is conclusively presumed to have passed upon all the questions within the issues which were or might have been presented and decided.   *Wentworth v. Racine Co.* 99 Wis. 26; *Grunert v. Spalding,* 104 Wis. 193; *Cromwell v. Sac Co.* 94 U. S. 351; *Nesbit v. Riverside Independent Dist.* 144 U. S. 610.

So the subject of the action of F. D. Day and others against the corporation and its stockholders included the subject of this action.   It was not permissible for respondent's assignors to neglect to have the rights of stockholders between themselves adjusted in that action, and bring a new suit for such purpose, any more than it was for some of the creditors in that action to neglect to present their claims for adjustment and bring a new suit to enforce such claims.

The complaint before us, therefore, fails to state a cause of action, because it shows that a former action has passed to final judgment on the merits, which must be considered to have ended not only the primary, but all the incidental, controversies.   If the respondent's assignors have lost their rights by failing to have them adjudicated in the *Day Case,* there is no help for them.   If there is no remedy available in that case there is none at all, and the injured party or parties must charge the loss to their own laches.   Having come to the conclusion that the trial court should have held the complaint insufficient for want of facts to constitute a

Foster vs. Posson and another.

cause of action, there is no need for passing upon any other ground of demurrer discussed in the briefs of counsel.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.

BARDEEN, J. I agree that it is the theory of the law that several actions cannot be maintained by creditors to enforce the stockholders' liability, under sec. 1769, and that the proceeding is properly one in equity. I agree, further, that, in so far as it is possible, the court should in that action, by the appointment of a receiver or some other proper proceeding, ascertain and work out the equities of the stockholders, as between themselves. But it is often the case that at the time the action is commenced some of the stockholders may be nonresidents, or are not served, or are insolvent and unable to pay. The creditors are entitled to collect their claims from such of the solvent stockholders as they can secure jurisdiction of. This was done in the original action, and the fact that some paid more than others is of no significance. It may well be that they paid according to their ability to pay. To say that the status at that time is to govern for all further time, in my judgment, overlooks the important fact that, as between themselves, the stockholders are entitled to contribution. That right is not based entirely upon their liability to the main creditors, but mainly upon the fact that they have paid more than their just proportion of corporate debts. In the main action it is possible to adjust the equities only between such of the stockholders as are actually served with process and are able to pay. This must be so, because the creditors are only obliged to make such stockholders defendants as they can get service upon and are solvent. But suppose some of the stockholders served are not able, at the time of judgment, to pay the amount adjudged against them; the creditors are

Foster vs. Posson and another.

not thereby postponed as to payment. They are entitled to collect from such as are able to pay. Now, if that right exists, certainly the right of the stockholder who pays more than his share to compel contribution exists, and that right continues until barred by lapse of time or satisfied by payment. From the very nature of things, if all the stockholders are not before the court, and if all are not of sufficient ability to pay, that right could not be enforced in the original action. This is precisely the condition of things shown by the complaint in this action. The original action was commenced against all of the stockholders, but judgment was entered against but a portion of them. Presumably the court obeyed the law, and the judgment went against such of the stockholders as were served and found liable. No judgment went against these defendants. Certain of the defendants in this case paid the judgment so entered, in varying amounts. Now, their assignee asks that these defendants be made to contribute their just proportion. This court says they cannot maintain such an action, because the rights they are seeking to enforce should have been worked out in the original action, and that the judgment in that action is *res adjudicata*. The practical result of this decision is to limit the paying stockholders' rights to the conditions presented at the time the judgment was rendered, and it overlooks the fact that the right of contribution rested upon the judgment and its satisfaction, and not upon the rights adjudged thereby. I cannot resist the conclusion that the majority opinion works an injustice, and defeats valuable rights.