FINNEY, Receiver, and others, Respondents, vs. GUY, Appellant.

*March 1 — March 20, 1900.*

*Statutory rights and remedies: Interstate comity: Foreign corporations: Statutory liability of stockholders: Ancillary actions: Parties.*

1. Where a statutory right is created, coupled with a specific remedy to enforce it, such remedy is exclusive and cannot be pursued outside the home jurisdiction.

2. Although an action to enforce a liability created by statute in one state is transitory, no exclusive remedy having been provided, yet the enforcement of such liability in another state is dependent on the rule of comity.

3. The rule of interstate comity does not require the courts of one state to enforce rights dependent upon the laws of another state if such laws contravene the policy of the state whose jurisdiction is invoked or subject its citizens to serious inconvenience or injustice.

4. The statutory liability of stockholders of a bank to its creditors is of precisely the same nature under the laws of Minnesota as under the laws of this state, and the statutes of that state (Gen.Stats. Minn. secs. 5905, 5906) providing a remedy for its enforcement are similar to ours (Stats. 1898, secs. 3223, 3224). As construed by our courts and by the earlier decisions in Minnesota, the remedy so provided is exclusive and requires a single equitable action to be brought in the home jurisdiction in behalf of all the creditors and against all the stockholders within that jurisdiction, and that all the rights, equities, and liabilities of the parties shall be finally settled and determined therein; but in a later case the supreme court of Minnesota has decided that the statutory remedy does not preclude ancillary actions, either in the home or other jurisdictions, to

Finney and others vs. Guy.

reach stockholders who could not be reached in the first instance, and, upon the theory that they are represented in the original action by the corporation, that such stockholders are bound in the ancillary action by the determination in the original action of all questions necessarily there litigated. *Held,* that such decision is so out of harmony with the previously established doctrine in that state and with elementary principles, and so subversive of the rights of parties equally interested in a controversy to an equality of remedies, and of the right of every person to his day in court as to every material question involving his interest, as well as so contrary to the policy of the law of this state, that effect should not be given to its doctrine by the courts of this state, under the rule of comity, as against a Wisconsin stockholder in a Minnesota bank whose liability as such accrued prior to said decision.

5. In an action to enforce the statutory liability of the stockholders of a corporation to its creditors the corporation itself is not a necessary party unless there are corporate assets to be reached. If made a party, it does not in any sense represent absent stockholders so as to make the judgment binding upon them.

DODGE, J., dissents.

APPEAL from an order of the circuit court for Pierce county: A. J. VINJE, Judge. *Reversed.*

Action to enforce the statutory liability of a stockholder of a bank to creditors under the laws of Minnesota.

The complaint stated, in effect, as follows: The Farmers' & Merchants' State Bank, a banking corporation organized under the laws of and located in the state of Minnesota and there engaged in business from June 6, 1888, till June 20, 1893, on the last-named date, pursuant to the laws of such state, made an assignment for the benefit of its creditors, which assignment was fully perfected, and such proceedings were thereafter had in administering it that the assets of the bank were converted into money and the net proceeds thereof distributed to the creditors, without paying them in full by about $80,000. The capital stock of the bank was $75,000. Each individual stockholder was named in the complaint, with the amount of stock owned by him, defendant, *Mary A. Guy,* being one of such stockholders and said to be the

Finney and others vs. Guy.

owner of nineteen shares of the par value of $100 each. She resides in Pierce county, Wisconsin.

It was further alleged in the complaint, in effect, that by the laws of the state of Minnesota every person, on becoming a stockholder of a bank organized under its laws, in proportion to his interest, succeeds to the rights and becomes subject to the liabilities of his predecessor, and that the individual liabilities of stockholders to its creditors extends to double the amount of the stock and continues, as to any stockholder who may sell or transfer his stock, till the expiration of one year after such sale or transfer; that a creditor of a bank, desiring to enforce the individual liability of its stockholders for the payment of his claim, may file his complaint in an action instituted for that purpose in any court in Minnesota having jurisdiction of the subject, and that thereupon such court is required to proceed "as in other cases, and when necessary to cause an account to be taken of the property and debts due to and from the corporation, and appoint one or more receivers;" that there is a provision of statute, however, that in certain circumstances therein named the court may proceed to enforce the stockholders' liability without appointing a receiver and by its judgment as in other cases. The complaint further stated, in effect, that the statutes of Minnesota provide that in a creditors' action to enforce the statutory liabilities of bank stockholders the court may require all the creditors of the bank to become parties to the action and exhibit their claims within a reasonable time fixed by the court, not less than six months from the date of the first publication of the order to that effect, or be barred from all the benefits of such liabilities.

The complaint further stated, in effect, that according to the judicial system established in Minnesota by its highest judicial tribunal (citing the various cases that have been decided by such tribunal), the liability of stockholders of a bank organized under the laws of that state, to its creditors,

must be enforced by first instituting an action, at the domicile of the corporation, against the corporation and all of its stockholders within the jurisdiction of the court, on behalf of all creditors of such corporation who shall participate in the action; that the proper method of proceeding in the action is to cause a judgment to be rendered in favor of each creditor for the amount owing him from the bank, and a judgment against each stockholder over whom the court shall have been able to obtain jurisdiction for the maximum amount of his liability, and to enforce the judgment as to such liabilities *pro rata*, as far as practicable, in order to realize a sufficient amount of money to pay all indebtedness of the bank established in the action to the extent of the full amount of such liabilities, and to cause a receiver to be appointed in the action to collect the judgments and distribute the proceeds and to enforce the liabilities of other stockholders residing in jurisdictions outside of that in which the judgment is rendered. Further, it was stated to be the law of Minnesota, as held by its highest judicial tribunal, and as indicated in the adjudications mentioned, that the statutory liability of stockholders is several and that a judgment against a part of them does not release others against whom no judgment is or can be rendered in the action; that if any of the stockholders are omitted from the first action because the court cannot acquire jurisdiction of them for any cause, an action ancillary to such first action, in any jurisdiction in which such stockholders may be found, may be brought; that an action to enforce such a liability is upon contract; that the judgment in the original action is binding on all stockholders, whether parties thereto or not, as to the amount due to creditors of the bank, and on all creditors entitled to the benefits of the stockholders' liability to creditors, and as to the respective rights of the particular creditors; that a stockholder of a bank organized under the laws of Minnesota, wherever he may reside, is bound by its laws, and his

liability in accordance therewith may be enforced wherever he may be found and without any judgment there obtained against the corporation, if it be a place where no such judgment is possible.

The complaint further alleged, in effect, that in January, 1894, an action was commenced, in a district court for the state of Minnesota having jurisdiction of the subject, against the banking corporation named and its stockholders, by a creditor of such bank, suing in his own behalf and that of all others who might come in and participate in the action, to enforce the liability of such stockholders to such creditors, and that such proceedings were thereafter had in such action that the amount of the indebtedness of the bank was adjudicated according to the laws and judicial system of Minnesota, and that the total amount collectible from all the stockholders of the bank, aside from the defendant, has been judicially determined to be, and in fact is, less than sufficient to pay such indebtedness by over $80,000; that defendant, being a nonresident stockholder, residing in Pierce county, Wisconsin, could not be reached in such action, and that she is liable to the creditors entitled to participate in the benefits of the stockholders' liability to the extent of $3,800, with interest thereon from April 28, 1897. There were further allegations in the complaint showing that the receiver appointed in the creditors' action at the domicile of the corporation, and all the creditors whose claims were established in such action and entitled to participate in the benefits of the stockholders' liability, are joined as plaintiffs in this action, that they came to this state after having exhausted all remedies at the domicile of the corporation for the satisfaction of their claims, that they instituted this action against the defendant stockholder in this state because she could not be reached in the original action, and that this action is ancillary to the action brought at the home of the corporation.

Finney and others vs. Guy.

The prayer for judgment is: (1) That defendant be required to pay $3,800 as her liability to plaintiffs, with interest from April 28, 1897, at the rate of seven per cent. per annum, with costs and disbursements, and that plaintiffs have execution therefor. (2) That plaintiff *A. C. Finney* be appointed receiver to collect the judgment and distribute the proceeds among the plaintiffs according to their respective rights in the fund. (3) That the court award such further judgment or order as may be necessary to enforce such liability of the defendant, and grant such further relief as the court can grant in the premises.

To that complaint the defendant interposed a demurrer upon the ground, among others, that it fails to state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the order accordingly entered this appeal is taken.

*J. W. Bashford*, attorney, and *R. M. Bashford*, of counsel, for the appellant, to the point that the action could not be maintained, cited, besides cases cited in the opinion, *Faribault v. Misener*, 20 Minn. 396; Sedgwick, Stat. & Const. Law (2d ed.), 344; *Lowry v. Inman*, 46 N. Y. 119; *Nat. Bank v. Dillingham*, 147 N. Y. 603; *Post & Co. v. T., C. & St. L. R. Co.* 144 Mass. 341; *Fowler v. Lamson*, 146 Ill. 472; *Young v. Farwell*, 139 Ill. 326; *Hancock Nat. Bank v. Farnum*, 20 R. I 466; *Ferguson v. Sherman*, 116 Cal. 169; *Fourth Nat. Bank v. Francklyn*, 120 U. S. 747; *Crippen v. Laighton*, 44 Atl. Rep. 538; *Stoddard v. Lum*, 159 N. Y. 265; 12 Ency. of Pl. & Pr. 141; 34 L. R. A. 752, 754, 763, 766.

For the respondents there was a brief by *F. M. White* and *Fred. W. Reed*, and oral argument by *Mr. Reed*. They contended, *inter alia*, that the statutory liability of stockholders to creditors is a substantive right of action arising on contract. *Bagley v. Tyler*, 43 Mo. App. 195, 202; *Dennis v. Superior Court*, 91 Cal. 548; *Hodgson v. Cheever*, 8 Mo. App.

318, 321; *Guerney v. Moore*, 131 Mo. 650, 672, 673; *Tinker v. Van Dyke*, 1 Flip. 521, 532; *Hobart v. Johnson*, 19 Blatch. 359, 361; *Flash v. Conn*, 109 U. S. 371; *Western Nat. Bank v. Lawrence*, 117 Mich. 669; Morawetz, Priv. Corp. §§ 870, 875; Thomp. Corp. §§ 3056, 3059; Cook, Stock, § 223; *Bell v. Farwell*, 176 Ill. 489; *Hancock Nat. Bank v. Ellis*, 172 Mass. 39; *First Nat. Bank v. Gustin Minerva C. M. Co.* 42 Minn. 327; *Hencke v. Twomey*, 58 Minn. 550; *Hanson v. Davison*, 73 Minn. 454; *Coleman v. White*, 14 Wis. 700; *Merchants' Bank v. Chandler*, 19 Wis. 435; *Gianella v. Bigelow*, 96 Wis. 185, 194; *Williams v. Meloy*, 97 Wis. 561, 564. A right of action arising on a statute is just as enforceable in another state as a right of action under the common law. *Dennick v. Railroad Co.* 103 U. S. 11; *Bigelow v. Nickerson*, 70 Fed. Rep. 114; *Greaves v. Neal*, 57 Fed. Rep. 816. The principles applied in those cases apply with equal force to the statutes enacting liability of stockholders. The courts go so far as to say that an action for their enforcement is not entertained because of the comity of states, but because of the willingness of the court to enforce a valid contract. *Bell v. Farwell*, 176 Ill. 489; *Western Nat. Bank v. Reckless*, 96 Fed. Rep. 70; *Lowry v. Inman*, 46 N. Y. 119. This action, then, is really one to enforce a valid contract, as much so as if it were a promissory note made in the state of Minnesota. And to refuse to entertain it is a refusal to enforce a contract simply because it was made in another state and to refuse to recognize the validity of a solemn and just contract.. The doctrine of comity is applicable to a cause of action arising on the statute of another state. *Northern P. R. Co. v. Mase*, 63 Fed. Rep. 114; *Herrick v. M. & St. L. R. Co.* 31 Minn. 11; *Northern P. R. Co. v. Babcock*, 154 U. S. 190; *Midland Co. v. Broat*, 50 Minn. 562, 567. The principle applies with equal force in actions to enforce the statutory liability of stockholders. *Cuykendall v. Miles*, 10 Fed. Rep. 342; *Bagley v. Tyler*, 43 Mo. App. 195; *Auer v. Lombard*,

72 Fed. Rep. 209. This action is ancillary to the decree entered in the Minnesota court; the proceedings there had are binding on the stockholders everywhere; and to refuse to maintain this action is to refuse to give due faith and credit to the judgment of a sister state. *Harmon v. Hunt,* 116 N. C. 678; *Baltimore & O. R. Co. v. Smith,* 54 Ohio St. 562, 564; *Guerney v. Moore,* 131 Mo. 650; *Merchants' Nat. Bank v. Chandler,* 19 Wis. 434; *Powell v. Oregonian R. Co.* 38 Fed. Rep. 187; *Stephens v. Fox,* 83 N. Y. 313; *Alexander v. Donohoe,* 143 N. Y. 203; *Howard v. Glenn,* 85 Ga. 238; *Great Western T. Co. v. Gray,* 122 Ill. 630; *Hawkins v. Glenn,* 131 U. S. 319, 329, 332; *Glenn v. Liggett,* 135 U. S. 533; *Nichols v. Stevens,* 123 Mo. 96; *Holland v. Duluth I. M. & D. Co.* 65 Minn. 324, 331; *Hanson v. Davison,* 73 Minn. 454; *Hale v. Hardon,* 95 Fed. Rep. 747; *Huntington v. Attrill,* 146 U. S. 657; *Pelzer Mfg. Co. v. Hamburg-Bremen F. Ins. Co.* 71 Fed. Rep. 826; *Central T. Co. v. C., C. & A. R. Co.* 65 Fed. Rep. 257.

MARSHALL, J. As we view this case, the disposition of the question of whether the complaint states facts sufficient to constitute a cause of action against the defendant is decisive of the appeal. Some of the primary questions, upon which the ultimate question turns, are not free from difficulty.

The nature of the statutory liability of stockholders of a bank to its creditors under the laws of Minnesota is precisely the same as under the laws of this state, according to the adjudications of the highest judicial tribunal in each. Sec. 2501 of the Minnesota statutes says that each stockholder in a bank shall be individually liable, in an amount equal to double the amount of stock held by him, for all the debts of such bank. Sec. 47 of the banking act of this state [Stats. 1898, p. 1537] provides that stockholders in a bank organized under the laws of this state, shall be indi-

vidually responsible, to the amount of their respective shares of stock, for all its debts and liabilities of every kind. In *Coleman v. White*, 14 Wis. 700, it was said, in substance, that such liability is primary and absolute, attaching at the instant the liability of the bank accrues, but enforceable on a basis akin to that of a partnership liability, with the limitation fixed by statute of the par value of the stock held by each stockholder. To the same effect are *Gianella v. Bigelow*, 96 Wis. 185; *Booth v. Dear*, 96 Wis. 516; *Gager v. Marsden*, 101 Wis. 598; *Foster v. Posson*, 105 Wis. 99,— in which cases adjudications of the Minnesota court are cited as authority. The supreme court of Minnesota has decided that the liability is several of each stockholder to all the creditors, but joint in the sense that there must be one action in which all the liabilities of all the stockholders to all the creditors, and the equities of the stockholders between themselves, can be worked out. That is, in effect as stated by this court, that the liability of the stockholders is akin to that of partners, with a limitation as to extent thereof fixed by the statute. *Allen v. Walsh*, 25 Minn. 543; *Arthur v. Willius*, 44 Minn. 409; *Harper v. Carroll*, 66 Minn. 487; *Hanson v. Davison*, 73 Minn. 454.

While the Minnesota court, in the two cases last cited, said that the liability is several, not joint, it is evident that the expression was not intended in a strict legal sense, for it was there distinctly held that, in respect to the manner the liability must necessarily be worked out, it is joint in that all the creditors participating must appear on one side of the controversy, and all the stockholders charged, within the jurisdiction of the court, must appear on the other. The courts of the two states are in perfect harmony in that an action at law, as an original proceeding at least, cannot be brought in any jurisdiction by a single or any number of creditors against a single or any number of stockholders and that the liability, in view of the manner in which it must

be worked out, is nearer to that of partners to creditors of a partnership than to any other with which it can be compared, as was said by Dixon, C. J., in *Coleman v. White.*

The Minnesota statutes (Gen. Stats. secs. 5905, 5906) provide a remedy for the enforcement of the statutory liability of stockholders to creditors similar in all respects to that indicated by the statutes of this state on the same subject: secs. 3223, 3224, Stats. 1898. The courts in both states have held that the plain legislative purpose was to furnish, by the statutes referred to, a method for the enforcement of the statutory liability of stockholders, and that it requires one action in equity, in favor of all creditors, against all stockholders within the jurisdiction of the court, and against the corporation if there are corporate assets to be reached. *Coleman v. White, Gianella v. Bigelow,* and *Booth v. Dear, supra* (Wisconsin); *Allen v. Walsh, Arthur v. Willius, supra* (Minnesota). Both courts have said that the remedy plainly indicated by the legislature, for the enforcement of the liability, is inseparably connected with it and is exclusive. *Allen v. Walsh, Foster v. Posson, supra.* In regard to this last branch of the subject, it is claimed by the respondents that the doctrine of *Allen v. Walsh* has been to some extent changed, and that will be considered later.

If we could rest the case at this point there would be no question but that the complaint is fatally defective. Unless the suggested modification of the doctrine of *Allen v. Walsh* in Minnesota requires a different result, such must be the decision, for two reasons: (1) The statutory right, coupled with the statutory remedy for its enforcement, clearly intended to be pursued at the home of the corporation, is not transitory. (2) The action in a Minnesota court is a bar to any other action to enforce the liability of stockholders.

It is elementary that while a statutory remedy, not in terms exclusive, for the enforcement of a common-law right is cumulative, and that a statutory right, in the absence of

a remedy to enforce it, may be made available by some one
of the ordinary remedies for the redress of wrongs, a statu-
tory remedy, not by its terms cumulative, to enforce a stat-
utory right is exclusive. 1 Am. & Eng. Ency. of Law, 184e.
The ultimate question under consideration at this point, as
appellant's counsel suggests, was definitely passed upon in
*May v. Black*, 77 Wis. 101, where it was said that a statu-
tory right, coupled with a remedy to make it effective, is
enforceable only within the jurisdiction of its creation, and
the statutory remedy is exclusive. Numerous cases are
cited to support that doctrine, among them: *Pollard v. Bai-
ley*, 20 Wall. 520; *Fourth Nat. Bank v. Francklyn*, 120 U. S.
747; *Rocky Mountain Bank v. Bliss*, 89 N. Y. 338; *Chris-
tensen v. Eno*, 106 N. Y. 97; *Nimick v. Mingo I. W. Co.* 25
W. Va. 184; *Patterson v. Lynde*, 112 Ill. 196. For further
cases on the subject, see *Huntington v. Attrill*, 146 U. S. 657;
*New Haven H. N. Co. v. Linden Spring Co.* 142 Mass. 349;
*Bank of N. A. v. Rindge*, 154 Mass. 203. The subject was
fully discussed in *Pollard v. Bailey, supra*, and the decision
there reached has been followed without exception in the
federal supreme court. WAITE, C. J., speaking for the court,
said: "The individual liability of stockholders in a corpo-
ration for the payment of its debts is always a creature of
the statute. At common law it does not exist. The statute
which creates it may also declare the purpose of its creation
and provide the manner of its enforcement. Here the lia-
bility and the remedy were created by the same statute.
This being so, the remedy provided is exclusive of all others.
A general liability created by a statute, without a remedy,
may be enforced by a proper common-law action, but where
the provision for the liability is coupled with a provision
for a special remedy, that remedy and that alone must be
employed." So, in *Erickson v. Nesmith*, 4 Allen, 233, it
was said: "A creditor of a corporation established in New
Hampshire, the stockholders of which are individually lia-

ble for its debts under the statutes of that state, cannot
maintain a bill in equity to enforce his claims against the
stockholders in Massachusetts, although some of them live
here." In *Marshall v. Sherman*, 148 N. Y. 9, after an ex-
haustive review of decisions on the subject, it was said, in
substance, 'that while it is not easy to state with exactness
the principle upon which the courts of one state will not
take jurisdiction of an action to enforce against one of its
citizens a stockholder's liability under the laws of another
state, the great weight of authority is against the mainte-
nance of such an action.' The case of *May v. Black*, 77
Wis. 101, is there cited as one of the significant instances
where the law has been so declared.

It is useless to pursue this subject further. There was little
use of saying more in regard to it than to state the law as
indicated and refer to the decisions of our own state establish-
ing it as the prevailing rule here. Our attention is called to
some recent adjudications which are said to conflict with
the rule that a statutory liability of stockholders to credit-
ors will not be enforced outside the jurisdiction of the state
creating it, which, though in point as to the abstract ques-
tion, are not as applied to the facts of this case.

One of the most significant cases referred to is *Hancock
Nat. Bank v. Ellis*, 172 Mass. 39. It differs from *Marshall
v. Sherman*, 148 N. Y. 9, in that it holds that the statutory
liability of stockholders under the Kansas statute can be
enforced in a foreign jurisdiction, solely upon the ground,
however, that the law of Kansas does not furnish an exclu-
sive remedy to enforce the right, according as such law is
construed in the home jurisdiction; that every stockholder
is thus liable in an action at law to the first creditor who
pursues him, in any court where service can be made upon
him, till he has paid the full amount of his statutory liabil-
ity, such liability being treated as in every sense several and
on contract, so that the remedy of a creditor to enforce it

Finney and others vs. Guy.

can as well be pursued in one jurisdiction as another; and that under such circumstances a foreign jurisdiction should lend its aid to creditors against stockholders within its reach if thereby no serious inconvenience or injustice will be inflicted upon its own citizens. Turning to those statutes coupling a right with a remedy against stockholders, the court said: "This court has many times decided that the statutes of other states, creating the liability of stockholders to creditors of a corporation, which provide for a suit of a special kind to which the corporation and all stockholders are to be made parties, will not in general be enforced by the courts of this state; the special remedy provided by the statute must be pursued, and as the statutes of a state have no force *ex proprio vigore* beyond the territorial limits of the state, the remedy usually must be pursued in the state where the corporation has been established and the statute passed." Citing numerous cases in that and other courts, including *May v. Black*, 77 Wis. 101. The court, having come to the conclusion that the cause of action under the Kansas statute was transitory, tested the question of whether courts of Massachusetts should take jurisdiction to enforce it by the general principles governing the conduct of courts in enforcing rights dependent upon foreign laws, which principles, other than such as relate to penal statutes, were stated, in substance, as follows: the foreign law must not contravene the policy of the state whose jurisdiction is invoked, or be contrary to public morals or abstract justice, or be calculated to injure the state or its citizens; the jurisdiction invoked must be able to reach all the parties affected by the litigation, so as to do complete justice between them, and it must be able to attain that end consistent with its own forms of procedure. Testing the situation before the court by such principles, it was concluded that the enforcement, in the courts of Massachusetts, of the statutory liability of a stockholder, resident in that state, of a Kansas banking corpora-

Finney and others vs. Guy.

tion, does no injustice to such stockholder, because, if he be compelled to pay, he has the same right to pursue his associate stockholders for contribution as if he were a citizen of, and compelled to respond to creditors in, Kansas; that the difficulties are no greater in the one case than in the other; that whatever difficulties exist, they were created by the Kansas statute, which permits individual actions at law against stockholders wherever they may be found, which law entered into the stockholder's contract with the corporation and its creditors when he became a member of such corporation.

So it will be seen that the Massachusetts case, confidently relied upon by the respondents, does not militate at all against the doctrine that a statutory right, dependent in the home jurisdiction upon a statutory remedy, must be enforced in such jurisdiction or not at all, nor against the doctrine that a statutory right cannot be enforced in a foreign jurisdiction unless all the necessary parties to an action of that kind are before the court, nor if its enforcement will violate the policy or will subject the citizens of the foreign jurisdiction to serious inconvenience or injustice. It was principally on the latter ground that the New York court, in *Marshall v. Sherman*, 148 N. Y. 9, declined to take jurisdiction.

Another case confidently referred to is *Western Nat. Bank v. Lawrence*, 117 Mich. 669. The action was to enforce a statutory liability created by the Kansas statute, and jurisdiction was taken for the same reason as that stated by the Massachusetts court in the case before referred to, that is, upon the sole ground that the liability under the Kansas statute, as construed by its court, is enforceable by an action against any stockholder as an ordinary liability on contract, till such stockholder shall have paid to creditors the full amount for which he is responsible; that the action is transitory and should be enforced in all jurisdictions the same as other actions on contract, that can be as well enforced in

one jurisdiction as in another, and where there is no good reason why the foreign court should not lend its aid to the enforcement of the right. True, the Michigan court made the extraordinary statement that the right to maintain a suit to enforce a statutory right under the Kansas statute in Michigan does not depend upon the law of comity. That was unnecessary to the decision. It is directly contrary to *Hancock Nat. Bank v. Ellis,* 172 Mass. 39, and, as it seems, to elementary principles. In all cases where a court is called upon to give effect to a right dependent upon a foreign statute, it involves the enforcement of a foreign law and its action in that regard depends upon the rule of comity. That, as it seems, is too clear for reasonable controversy.

Neither *Hancock Nat. Bank v. Ellis, Western Nat. Bank v. Lawrence, Bell v. Farwell,* 176 Ill. 489, nor any other of the numerous cases that might be referred to regarding the enforcement of the statutory liability of stockholders to creditors, created by the Kansas statute, and statutes of other states creating a several liability of stockholders to creditors, in the sense that each stockholder is made liable directly to each creditor and may be made to respond accordingly in an action at law against him alone wherever he may be found, have any significance in determining the right of creditors in a foreign jurisdiction under statutes like that of Minnesota and this state, which plainly require the equities of all stockholders as between themselves to be worked out in a single action in equity at the home of the corporation, and the contributions of all stockholders accumulated in the action to be treated as one fund, to be administered for the benefit of all creditors in proportion to the respective claims against the corporation as established in such action, to which such corporation is a necessary party if there are corporate assets to be reached, and a proper party in respect to the issue regarding the indebtedness for which stockholders may be held liable. By a moment's con-

sideration of the distinction between the two statutory systems, represented by the Kansas statute and the statute of Minnesota, it will be seen that the remedial processes that will effect the purposes of one are entirely unadapted to the other. A failure to keep such distinction in mind has led textwriters and courts into the error of supposing that the decisions in regard to one of such systems are in conflict with those in regard to the other.

It is contended that, admitting the rule above discussed — that where a statutory right is created, coupled with a specific remedy to enforce it, such remedy is exclusive and cannot be pursued outside the home jurisdiction, as indicated in *May v. Black*, 77 Wis. 101,— it does not apply here, because we are dealing with a Minnesota law and the supreme court of that state, in *Hanson v. Davison*, 73 Minn. 454, has decided that the statutory remedy given there to enforce the liability under consideration is only exclusive so far as it goes; that it requires an original action by a creditor or creditors in behalf of all persons so circumstanced who shall come into the action, against all the stockholders of the bank within the jurisdiction of the court, and that the liabilities of all such stockholders must be there enforced, and the indebtedness of the corporation forming the basis therefor and for any action that may thereafter be brought in aid of the statutory action determined; that the statutory remedy does not preclude the institution and prosecution of ancillary actions to reach stockholders, either in the home or other jurisdictions, that cannot be reached in the first instance, and that such stockholders by such actions may be pursued in any jurisdiction in Minnesota where they can be found, and in any foreign jurisdiction where the court will permit it.

Such is the state of the law as it now exists in Minnesota. It is a wide departure from the doctrine announced in *Allen v. Walsh*, 25 Minn. 543, where the statutes governing the subject were carefully and plainly construed, which construc-

tion, for a period of some twenty years, covering that within which the liability in question accrued, was the settled law of the state. In the early case it was said that the statute prescribes a single action in equity, in which the liability of all stockholders to all creditors and the equities between the stockholders must be worked out or not at all. There is no room to mistake what the court intended in that case. The following language was used: "It is reasonable to suppose that the legislature intended by those sections [referring to the sections set forth in the complaint here] to provide an efficient and sole remedy for enforcing payment of the debts of an insolvent corporation out of the individual liability of its stockholders, for the rule is well settled that where a statute which creates a right also prescribes an adequate remedy the latter is to be taken as the exclusive one; that the chapter which gives this remedy forms a part of the General Statutes, which, were adopted in 1866 and which contain the enactment that creates the statutory liability, and therefore the rule referred to is fairly applicable. It is shown, from an examination of these sections, that the remedy they provide contemplates a single action, in which all persons having or claiming any interest in the said action shall be joined or properly represented and their rights, equities, and liabilities finally settled and determined."

We might easily, but it would draw this opinion out to an unnecessary length, refer to the decisions that followed *Allen v. Walsh* down to *Hanson v. Davison* and show that the plain language of the early case was taken and applied in every instance in its literal sense.

In view of the foregoing we read with some surprise the statement of the court in the *Hanson Case* that the doctrine of *Allen v. Walsh* does not go so far as to preclude the institution and prosecution of an action ancillary to the principal action against those who cannot be brought in in the first instance. The reason of the later decision does not appeal

very strongly to our judicial judgment. It starts out by overturning twenty years of established law at home and runs counter to the decisions of this and all other states where similar laws exist. While admitting that the Minnesota statute gives a specific remedy for the enforcement of the right under consideration, and that in pursuing such remedy the corporation may be a necessary party, and that such remedy must be pursued at the home of the corporation, the court not only ignores, as it seems, the law of the state long and firmly established, and that elsewhere, as indicated, but ignores the principle, of universal application, that a remedy coupled with a new right and evidently given for the purposes of its enforcement is exclusive.

To justify the position taken, without expressly overruling its long line of decisions to the contrary, the Minnesota court arbitrarily ingrafted onto the existing system an element that the language of the statute and of the court construing it, as well as elementary principles, plainly exclude. To sustain the new doctrine that there must be a statutory action in the first instance, commenced and prosecuted to a termination, and that other actions may be brought in the home and other jurisdictions, it became necessary to hold that the result in the first action, as to all questions necessarily there litigated, is binding not only on all persons made parties to such action, but all so circumstanced that they might have been made parties could they have been found within the jurisdiction of the court, and on all parties that might have been admitted as participants in the action upon their own application; that in an ancillary action all questions litigated in the principal action must be deemed at rest, so that while defendants in the first action have their day in court as to the vital questions standing at the threshold of their liability, those in actions subsequently brought are bound without having that privilege; that while some stockholders can have their equities as between themselves and as-

sociate stockholders settled in the action where their liability
is enforced, others may be made to respond and to cancel their
liability, and then be compelled to resort to some other ac-
tion, in some other jurisdiction, to settle their equities with
their associates.   It is recognized that it would be unjust to
bind a stockholder by an adjudication in an action to which
he is not a party; but it is said that such is not the result
of the new doctrine, because in the first action the corpora-
tion stands for all of its stockholders who are not present.
How that can be it is easy to assert, but exceedingly diffi-
cult to demonstrate upon principle.   The cases cited by the
court do not appear to touch the question, as clearly indi-
cated in the able dissenting opinion of Mr. Justice CANTY.
We shall not take time to review the authorities which the
learned court refers to, to sustain its position on this branch
of the case; suffice it to say, that they are all cases to en-
force corporate rights.   They do not appear to be in point
in any respect to the theory they are used to support; not
one is a case to enforce a superadded liability of stockhold-
ers to creditors or case involving any analogous question.

The corporation is not made a defendant in the principal
action as a representative of the stockholders in any sense.
It is joined of necessity only where there are corporate as-
sets which ought to be applied to the payment of the debts.
Otherwise, it is a proper party, but only for the purpose of
establishing against it as a finality the amount of the in-
debtedness for which the stockholders are liable.   The pri-
mary right to be adjudicated in such an action is the stock-
holders' liability.   As an incident thereto, where there are
corporate assets which should be applied to the payment of
the indebtedness, the corporation must be brought in for
the purpose of sequestrating and reaching such assets.   If
there are no such assets the corporation need not be made
a party at all.   That has been repeatedly held by this and
other courts.   *Booth v. Dear*, 96 Wis. 516; *Sleeper v. Good-*

*win*, 67 Wis. 577; *In re People's L. S. Ins. Co.* 56 Minn. 180; *Minneapolis B. Co. v. City Bank*, 66 Minn. 441.

.We shall not further discuss the present state of the law governing the subject under consideration as it exists in the state of Minnesota. There are many features, not before referred to, that are entirely out of harmony with the law here and elsewhere under similar statutes. While the statutes of Minnesota, as construed by its court, are supreme in that state, their effect here depends upon the law of comity.

The doctrine of *Hanson v. Davison*, 73 Minn. 454, as we view the decisions cited in support of it by respondents' counsel, and all others bearing on the subject that have come under our notice, from a pretty thorough study thereof, is without substantial support except by *Hale v. Hardon*, 95 Fed. Rep. 747, where two federal district judges rendered a decision following such doctrine and reversing the circuit judge who decided the case in the first instance, and the third member of the court, a circuit judge, dissented from his associates in a vigorous and quite exhaustive opinion, in which he stated, in substance, after reviewing the authorities, that the decision in *Hanson v. Davison* is so out of harmony with the previously established doctrine of the Minnesota court and with elementary principles, and so subversive of the rights of parties equally interested in a controversy to an equality of remedies, and of the right of every person to his day in court as to every material question involving his interest, that there is no rule of comity which requires or justifies its recognition in any other jurisdiction.

With due respect for the able court that pronounced the decision in *Hanson v. Davison*, we have reached the same conclusion as that expressed in the dissenting opinion referred to. To give effect to the Minnesota statutes as now construed by its highest tribunal would be unjust to the defendant, because it would, in effect, make a liability enforce-

able here that was not enforceable when it accrued and that could not have been enforced under the law of Minnesota as it existed prior thereto during the time the defendant was a member of the corporation; it would subject defendant to substantially an independent action to enforce her liability, while, when it accrued, it was enforceable only in an action in equity at the domicile of the corporation, having sole jurisdiction of the entire subject of stockholders' liabilities to the creditors of the corporation, and of all questions necessarily incident thereto; it would conclude her, as to questions vital to her liability, by a judgment rendered in an action to which she was not a party; whereas when she became a member of the corporation she did so in contemplation of a liability with certain incidents, she would be burdened with materially different incidents; whereas the plain purpose of the law is that all stockholders shall stand equally as regards rights and remedies, it would subject the defendant to a much more burdensome remedy, before her ultimate rights could be determined and enforced, than it does the resident stockholders; it would result in giving to resident stockholders their day in court and denying that valuable right to the defendant; it would give effect to a law which is contrary to the policy of the law of this state. For these and many other reasons that might be named, the law of Minnesota, as at present understood, should not be made effective here. Clearly the court cannot, consistent with the rules of comity, give effect to a doctrine which, if recognized, would lead to the oppressive results mentioned.

This court recognizes fully the importance of interstate comity and uniformly freely gives effect to it as regards the laws of sister states when it will not seriously violate the policy of our own laws or the rights of our own citizens. Tested by that standard and the most liberal rules usually applied to the subject, courts of this state cannot lend their

Finney and others vs. Guy.

aid in the circumstances presented in the complaint before us. A liberal course in the enforcement of the laws of other states in proper cases should be the rule, but the paramount duty of our judicial system is to safeguard our own state policy and prevent injustice to our own people within reasonable limits. *Gilman v. Ketcham*, 84 Wis. 60; *Emery v. Burbank*, 163 Mass. 326; *Seamans v. Temple Co.* 105 Mich. 400; *Hancock Nat. Bank v. Ellis*, 172 Mass. 39; *Dearing v. McKinnon D. & H. Co.* 33 App. Div. 31.

The doctrine of the *Hanson Case*, 73 Minn. 454, is not sustained, in its main features, in the home court, upon any other theory than that the corporation in the original action stands for all the absent members, and that a judgment as to it, after it has ceased to exist for any practical purpose, concludes such absent members on questions in which the corporation has no interest and as to which it is not bound to protect their interests. That doctrine, as stated in the dissenting opinion referred to, in the federal court, was never promulgated in Minnesota prior to *Hanson v. Davison*, and no case has been found elsewhere, except *Hale v. Hardon*, where it has been even partially recognized, unless based on some special statute entering into the contract sought to be enforced.

The conclusion reached is, that the complaint fails to state a cause of action that can be entertained by the courts of this state, and that the decision of the lower court to the contrary must be reversed and the cause remanded for further proceedings according to law.

*By the Court.*— So ordered.

DODGE, J. The decision in this case seems to me to destroy a clear and absolute right by denying any remedy for its enforcement, and that, too, for no better reason than mere inconvenience to courts in their procedure; an inconvenience, too, which seems to me rather imaginary than

real. This is a result which is not to the credit of the courts, and should not be reached without a struggle to avert it. The constitution of Minnesota provides, and at the time the defendant acquired his shares of stock did provide: "Each stockholder in any corporation . . . shall be liable to the amount of stock held or owned by him." [Const. art. X, sec. 3.] Under that provision the defendant, with her co-stockholders, were permitted to be a corporation. By availing herself of that privilege she entered into an absolute contract with the creditors of the corporation to pay, if needed after exhausting the assets of the corporation, a sum equal to the par value of her stock. That such is her position, and such the relation to creditors which she assumed, is the settled law of the state of Minnesota. *Willis v. Mabon*, 48 Minn. 140; *Hanson v. Davison*, 73 Minn. 454. Not only is it the law now, but so it was at all the times when defendant acquired or held her stock. I can hardly believe that the suggestion is deliberately made in the opinion of my brethren that the court has changed the law by its decision in *Hanson v. Davison* so that it is now other than it was before. Courts do not make or change law — they declare and administer it — and the supreme court of Minnesota has, by the case last mentioned, simply declared what the law of that state has been ever since the adoption of the constitution. True, that court, or the author of the opinion, in an earlier case had indulged in certain remarks from which might be drawn inferences inconsistent with the decision in *Hanson v. Davison*, but those remarks were mere *obiter dicta*, which, as is usual with *obiter dicta*, did not serve to make or establish any law, but merely to subject to criticism the opinion containing them. This absolute liability existing on the one hand and its corresponding right upon the other, this court is confronted by the command of the constitution of Wisconsin (art. I, sec. 9): "Every person is entitled to a certain remedy in the laws for all in-

juries or wrongs which he may receive in his person, property or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws." That command is disobeyed, and the excuse does not seem to me sufficient. That excuse is that this court, like the court of Minnesota, long ago decided that serious inconvenience and confusion would result from enforcement of the individual liability of each stockholder at the behest of each creditor and therefore that, for mere convenience of procedure, the action which the courts were bound to extend to a creditor having such a right should be an equitable one, in which, as plaintiffs, should be joined all the creditors, either actually or by representation, and to which should be joined such of the stockholders as could be brought within the jurisdiction of the court, together with the corporation itself, to the end that in the one action the court might ascertain the extent to which the assets of the corporation were inadequate to satisfy its debts and the resulting extent of the liability of stockholders, and could adjust and apportion that liability among such of them as were solvent. That is the whole scope and extent of the decisions in this state from *Coleman v. White*, 14 Wis. 700, to *Foster v. Posson*, 105 Wis. 99. That, too, is the full extent of the decisions of the supreme court of Minnesota. Now, for the first time it is held that the judgment in such a suit discharges the liability of all stockholders, whether parties to it or not, and that the stockholder who evades the jurisdiction, either as a fugitive or as a nonresident, until the judgment has been rendered, has successfully defied and annulled the constitution of Minnesota and of this state as well.

The cases referred to could not, with propriety, go further than decision of the questions presented in them. Courts are created to decide controversies, not to emit abstract

treatises.   It is, therefore, as always, to be presumed that any utterances general in their terms were not intended by the court to apply to controversies or situations distinguishable from those present for decision.   The assertion in *Coleman v. White* that a general equitable suit, with all creditors as plaintiffs, and all stockholders within the jurisdiction, together with the corporation, as defendants, is the exclusive remedy, could mean no more than that such remedy is exclusive of a direct action at law by one creditor against one stockholder when the equitable procedure was neither obstructed nor exhausted.   So the assertion in *Foster v. Posson* that the judgment in such general suit is final as to all rights, whether as between creditors and stockholders or as between different stockholders, must be understood as limited to stockholders over whom the court had jurisdiction, since that was the situation of those litigating as alleged by the complaint, though the fact is not made apparent in the opinion.

The suggested inconveniences attending the enforcement of the creditors' rights against stockholders who successfully evade the jurisdiction in the original suit are quite fully demonstrated to be insignificant by the reasoning in *Hanson v. Davison*, 73 Minn. 454, and in *Hale v. Hurdon*, 95 Fed. Rep. 747, which I shall forbear repeating.   In the case presented by the complaint at bar there are absolutely none. The excess of debts over all assets in an amount exceeding the total stock, and the entire exhaustion of all stockholders over whom jurisdiction can be obtained, are set forth; and the absolute liability of defendant for a definite amount, with no possible right of contribution against any solvent co-stockholders, is made to fully appear.   Is it not the part of justice to vindicate the clear rights of the plaintiffs in this case, where it is obvious that no undue or unequal injury will be done the defendant, rather than to perpetrate certain wrong on the plaintiffs from mere apprehension that

under some other circumstances it might not be easy to fully protect a defendant? If either is to suffer, should it not rather be the stockholder, who, by the same diligence she finds easy when demanding her dividends, could have informed herself of the general litigation and, by appearing therein, have protected herself from any inequality? I the more deplore this decision because it diminishes the solvency of our own banks, and denies to their creditors the liability of any stockholders who, by reason of nonresidence or otherwise, may escape the process of the court in which the general equity suit must be prosecuted. It invites fraud and evasion by offering exemption to stockholders upon the easy expedient of placing their holdings in the names of nonresidents. These are evils which, with the probable drastic legislation to avert them, seem to me much more terrible than the inconvenience of courts or incongruity in mere forms of procedure.

Since the decision of this case, the opinion of the supreme court of the United States in *Whitman v. Oxford Nat. Bank*, 176 U. S. 559, has been published, and seems to me to be squarely in conflict with the opinion of this court. True, the liability under the Kansas constitution was there under consideration, but the recovery was justified not alone because the statute of Kansas would permit it, but because the provision of the constitution was self-executing and, without the aid of any statute, imposed a contract liability upon holders of stock enforceable in any court of general jurisdiction, considerations equally characterizing the Minnesota constitution. In that case also is shown how untenable are the objections to the binding effect upon stockholders of the adjudication against the corporation in the general closing-up action, which objections are deemed so weighty by my brethren.