BANK OF PRENTICE, Appellant, vs. BEYER, Respondent.

*January 15—February 9, 1926.*

*Banks: Assessments by directors: Liability of stockholder failing to pay assessment.*

Sec. 220.07, Stats., relative to *pro rata* assessments by the board of directors upon all the stock of a state bank, imposes no personal liability upon the stockholders, but provides an exclusive remedy, *i. e.* the sale of the stock if the stockholder refuses to pay. *Finney v. Guy,* 106 Wis. 256.

APPEAL from an order of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Affirmed.*

*W. K. Parkinson* of Phillips, for the appellant.

*J. A. DeBardeleben* of Phillips, for the respondent.

ROSENBERRY, J. Plaintiff is a state bank organized under the laws of the state of Wisconsin. Prior to the 5th day of July, 1924, the capital stock of the plaintiff had become impaired, and the board of directors on said date, pursuant to the power conferred by sec. 220.07, Stats., made a *pro rata* assessment upon all of the stock of the bank in the amount of one hundred per cent. to make good such deficiency, and provided the time and manner of payment. Notice of the assessment was duly given, demand was made upon the defendant for the payment of $500, the amount of his assessment. The defendant refused to pay, and this action was begun to recover the amount of the assessment. The defendant demurred on the ground that the complaint stated no cause of action for the reason that the statute imposes no personal liability but provides an exclusive remedy. The demurrer was sustained by the court, and the plaintiff appeals.

The material part of the statute under which the assessment was levied is as follows:

"Section 220.07 . . . In any case, where the capital of a bank shall have become impaired or reduced below the

amount required by law or the articles of incorporation, the board of directors of such bank shall have the power to make a *pro rata* assessment upon all of the stock of said bank to make good such deficiency, and may provide that the amount of such deficiency shall be due and payable at a time to be fixed by such board of directors, which time shall be not less than ten days after notice of said assessment; and if any stockholder shall fail or neglect to pay the amount of the assessment against his stock for ten days after the same shall have become so due and payable, the directors of such bank may offer said stock for sale, and sell the same at public sale upon ten days' notice to be given by posting copies of such notice of sale in five public places in the town, village, or city where such bank is located."

The plaintiff contends that under the statute, upon the assessment being made and notice thereof given, the stockholder becomes personally liable.

The question involved here was thoroughly considered and exhaustively discussed in *Finney v. Guy,* 106 Wis. 256, 82 N. W. 595, and it is not necessary to repeat here what was there said. Upon the authority of that case the order is affirmed.

*By the Court.*—It is so ordered.