BOOTH, Respondent, vs. DEAR and others, imp., Appellants.

*May 25 — June 11, 1897.*

*Banks and banking: Statutory liability of stockholders: How enforced: Exhausting assets: Pleading.*

To enforce the statutory liability of stockholders of a corporation for its debts it is not necessary first to proceed under secs. 3216–3222, R. S., to sequestrate the property of the corporation and forfeit its franchise; but the action may be brought under secs. 3223, 3224, and the complaint therein need not allege a prior judgment against the corporation or that its assets have been exhausted, although, before judgment against the stockholders, the insufficiency of the assets and the necessity of a resort to the stockholders' liability should be made to appear. Expressions to the contrary in *Cleveland v. Burnham*, 55 Wis. 598, and *Cleveland v. Burnham*, 64 Wis. 347, disapproved.

APPEAL. from an order of the superior court of Douglas county: CHAS. SMITH, Judge. *Affirmed.*

This action was brought to enforce the statute liability of stockholders of the defendant the Douglas County Bank. The plaintiff, complaining on behalf of himself and of creditors of the bank who might wish to become parties to the action, alleged that the defendant corporation, during all the times mentioned in the complaint, had been a duly organized banking corporation, under the laws of the state of Wisconsin; that its capital stock was $50,000; that on the 27th day of May, 1895, it made an assignment for the benefit of its creditors, which assignment was completed in all

respects, as required by the laws of this state; that, at the time of the making of such assignment, the bank was indebted to the amount of $135,000, and that its assets did not exceed $20,000; that the bank had wholly ceased doing business; and that it did not possess any property whatever subject to execution or to sequestration in equity. There were further allegations showing who were stockholders during the six months prior to the making of the complaint, and during the time the indebtedness of plaintiff mentioned existed, together with the amount of stock owned by each of such stockholders. There were further allegations to the effect that the amount of plaintiff's debt at the time of the making of the assignment and the commencement of the action was $713.86; that he duly filed proof of his claim therefor in the assignment proceedings, but had not received any dividend thereon. The complaint contained further allegations to the effect that on the 11th day of December, 1894, the defendant bank was indebted to one William Brown in the sum of $10.10, and that such proceedings were duly had to collect such indebtedness that a judgment was rendered therefor in a court of competent jurisdiction; that such judgment was thereafter duly transcribed to the circuit court for Douglas county, Wisconsin, and execution duly issued thereon out of such court, and placed in the hands of the sheriff of Douglas county for collection; and that the same was on the 16th day of August, 1895, returned by such sheriff wholly unsatisfied; and that on the 19th day of August, 1895, and before the commencement of this action, such judgment was, for value, assigned to the plaintiff; and that he was the owner thereof at the time of the commencement of this action; and that there was due to him thereon $16.85.

The defendants demurred to the complaint upon two grounds, one being that such complaint fails to state facts sufficient to constitute a cause of action against them. The demurrer was overruled, and such defendants appealed.

For the appellants there was a brief by *Hughes & Whitford* and *Reed & Reed*, and oral argument by *Myron Reed*.

For the respondent the cause was submitted on the brief of *Yate H. V. Gard*.

MARSHALL, J.   It is contended on the part of appellants that proceedings to enforce the statutory liability of the stockholders of a banking corporation to its creditors cannot be resorted to till the franchise of the corporation is forfeited and its assets are exhausted; that the complaint in this action does not show such facts in respect to the defendant bank, but, on the contrary, shows a considerable amount of property in the hands of its assignee in trust for creditors; hence that the requisite facts do not appear to make out a good cause of action against the stockholders.

The general principles governing the statutory liability of stockholders of a banking corporation, in *Gianella v. Bigelow, ante*, p. 185, have been so recently laid down by this court, citing previous adjudications on the subject, that further discussion thereof at this time is unnecessary.   The statute creating the liability of the stockholders of a state banking corporation (sec. 47, ch. 479, Laws of 1852) provides as follows: "The stockholders in every corporation or association, organized under the provisions of this act, shall be individually responsible to the amount of their respective share or shares of stock, for all its indebtedness and liabilities of every kind."   Such statute received construction at an early day, to the effect that "the liability is primary and absolute, and attaches the moment the debt is contracted by the bank — that it is a liability of all the stockholders to all the creditors, on the principle of a copartnership, the stockholders standing on substantially the same footing as though they were partners, . . . save only that the responsibility of each is limited to a sum equal to his share or shares of stock.   Subject to this limitation they are answerable

as original and principal debtors, and their liability more nearly resembles that of copartners than any other with which it can be compared." The language quoted is that of Dixon, C. J., in *Coleman v. White*, 14 Wis. 700, and what is there decided has since been firmly adhered to. *Cleveland v. Marine Bank*, 17 Wis. 545; *Merchants' Bank v. Chandler*, 19 Wis. 434; *Terry v. Chandler*, 23 Wis. 456; *Gianella v. Bigelow*, ante, p. 185. By the same adjudications and others, it is settled that the statutory liability of the stockholders of such a corporation must be enforced by suit in equity, in which all the creditors join as plaintiffs, or some one of them sues for the benefit of all; and all the stockholders, unless for some sufficient reason they cannot be brought before the court, must be joined as defendants with the corporation, unless it has been dissolved or its assets have been exhausted, so that there is no property to be reached in the proceedings for the benefit of creditors. *Sleeper v. Goodwin*, 67 Wis. 577.

In the early cases it was held that the intent of the legislature was that the equitable remedy provided by secs. 21–32, ch. 148, R. S. 1858, shall be resorted to, to enforce the statutory liability under discussion, and that such remedy is exclusive. With some changes, such sections are preserved in secs. 3223 and 3224, R. S. 1878, which are as follows:

"Sec. 3223. Whenever any creditor of any corporation shall seek to charge the directors, trustees or other officers or stockholders thereof, on account of any liability created by law, he may commence and maintain an action for that purpose in the circuit court, and may at his election join the corporation in such action.

"Sec. 3224. The court shall proceed therein as in other cases, and when necessary shall cause an account to be taken of the property and debts due to and from such corporation, and shall appoint one or more receivers, who shall possess all the powers conferred and be subject to all the obligations

imposed on receivers by the provisions of section three thousand two hundred and nineteen; but if, upon the filing of the answer or upon the taking of such account, it shall appear that the corporation is insolvent, and that it has no property or effects to satisfy such creditor, the court may proceed without appointing any receiver to ascertain the respective liabilities of such . . . stockholders, and enforce the same by its judgment as in other cases."

Counsel for appellants are in error in respect to this being a proceeding, under secs. 3216 to 3222, to sequestrate the stock and property of the corporation and forfeit its franchise. It is a proceeding under secs. 3223 and 3224, to charge stockholders of the corporation on account of their personal liability created by law.

While such liability, as before stated, is primary and absolute, the remedy for its enforcement is in equity and governed by equitable principles clearly defined. The legislative intent clearly was that such liability shall be enforced only so far as reasonably necessary to satisfy the liabilities of the corporation to its creditors. The language of sec. 3224 in that regard is plain, and its meaning unmistakable. It provides in mandatory language that the court shall proceed in the action to take *an account of the property and debts due to and from the corporation, and shall appoint a receiver or receivers if necessary, but that if it shall appear that the corporation is insolvent and that it has no assets with which to satisfy a creditor, the court may then proceed, and, without appointing any receiver, ascertain the respective liabilities of the stockholders, and enforce the same by a judgment.* Such language has heretofore led to frequent expressions, without the question being directly involved, to the effect that the liability created by law cannot be enforced at all till the assets of the corporation have all been exhausted by reducing the same to money and making application thereof in discharge of the liabilities of the corporation, so far as the same

will go for that purpose, as in *Cleveland v. Burnham*, 55 Wis. 598, where, in the opinion of Mr. Justice COLE, occurs this language: "It is admitted by all the counsel *that the assets and property of the bank* must be first exhausted before the stockholders who are liable can be called upon to make good any deficiency;" and in *Cleveland v. Burnham*, 64 Wis. 347, where this language was used by Mr. Justice ORTON: "The liability of the . . . stockholder . . . became fixed and certain, and his indebtedness . . . liquidated and due, from the date of the judgment by which it was ascertained that the assets and property of the bank had been exhausted and the indebtedness of the plaintiffs or the balance of the judgment exceeded the amount of the defendant's stock." There are many respectable authorities holding that the statutory liability of stockholders cannot be enforced in equity in any case till the assets of the corporation are first exhausted. See Cook, Stock, § 219. Such is undoubtedly the general rule where there is no statute regulating the practice, so as to require the liability to be enforced independent of whether there are assets applicable to the payment of the creditor or not.

It is quite clear that a proper construction of secs. 3223 and 3224, notwithstanding previous expressions of the court referred to by which the point was really not decided, does not require that the assets of the corporation shall be fully exhausted before the creditors may proceed to judgment against the stockholders. The legislative intent obviously was that the court should so administer the affairs of the corporation as to satisfy its liabilities out of its assets so far as practicable, and, upon the fact appearing that the stockholders' liability would be required in order to fully pay the corporation debts, to enforce such liability, and, if necessary, by judgment against such stockholders. It is therefore sufficient to warrant proceeding to judgment in an action of this kind, that it be made to appear that the liability of the

stockholders will have to be ultimately resorted to in order to fully pay the corporation debts. The facts in that regard do not go to the cause of action. Therefore it is not essential to the complaint that such facts be alleged therein. It is sufficient to allege and show that the plaintiff is a creditor of the corporation, having a debt due and payable; that he sues on behalf of himself and all other creditors of the corporation; that the defendants are stockholders liable for such indebtedness, under sec. 47, ch. 479, Laws of 1852; and that, if the corporation be not made a defendant, sufficient reason be set forth to warrant the omission. Prior judgment against the corporation, in the action to enforce such liability, is not necessary to exist or be pleaded, or want of assets of the corporation to meet its liabilities. The liability of the stockholders for the payment of the liabilities of the bank, to the amount of their respective holdings of stock, is primary and absolute, and the right to commence and maintain an action to enforce such liability is also absolute, and clearly given by secs. 3223 and 3224, R. S., and without conditions other than above indicated, though the proceedings to that end, in the action, require an ascertainment of the necessity therefor before entering judgment against such stockholders.

It follows from what has preceded that the appellants' contention that the complaint does not state a cause of action, because it does not show that the assets of the corporation have been exhausted, cannot be sustained.

*By the Court.*— The order of the superior court overruling the demurrer to the complaint is affirmed.