WILLIAMS, Respondent, vs. MELOY and others, imp., Appellants.

*October 28 — November 16, 1897.*

*State banks: Stockholders' liability: Complaint in action to enforce: Parties.*

1. The personal liability of stockholders of a state bank to the amount of the stock held by them, under sec. 47, ch. 479, Laws of 1852, is an original primary liability to the creditors, but to be enforced by an action in equity brought by one creditor in behalf of all.

2. A complaint in an action under secs. 3223, 3224, R. S., to enforce such stockholders' liability is sufficient if it alleges that the plaintiff is a creditor of the corporation, having a debt due and payable; that he sues in behalf of himself and all its other creditors; that the defendants are stockholders who are liable under the act of 1852 for such indebtedness; and, if the corporation is not made a defendant, sets forth a sufficient reason for the omission.

3. The fact that the plaintiff states in his complaint that he brings the action as assignee of the bank cannot affect his right to maintain the same as creditor.

4. The assignee need not be joined as a party defendant, but, if his presence is necessary in the action, it is sufficient that he is a party plaintiff.

APPEAL from an order of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This is an action to enforce the statutory liability of stockholders in an insolvent bank, under sec. 47, ch. 479, Laws of 1852. The action is brought by the plaintiff as a creditor, and as the assignee under a voluntary assignment, of the Shullsburg Bank. The complaint alleges that the bank is a state banking corporation, duly organized, with a capital stock of $50,000, and that it commenced business in September, 1886, and continued doing a general banking business until September 15, 1896; that on the last-named day it was insolvent, and made a general assignment for the benefit of its creditors to one Charles T. Douglas, who afterwards resigned his trust, and thereupon that the plaintiff was appointed such assignee October 21, 1896, and duly qualified as such, and ever since has been such assignee; that since January 1, 1894, said bank has been insolvent, and now owes debts exceeding $57,000, and that its assets, which are all in the hands of the plaintiff as assignee, do not exceed $20,000, leaving a deficit of more than $35,000; that the plaintiff is a creditor of said bank in the sum of $100, and has duly proved his debt; that the stock of said bank, amounting to $50,000, is owned by the defendants (setting forth the amount owned by each), and that two of the defendants, owning

stock to the amount of $31,500, are insolvent; that the cred-
itors of the bank are numerous, and that more than 140 of
such creditors, whose claims aggregated more than $55,000,
have already proved their debts; that the plaintiff brings
action as assignee of the bank, in behalf of all the creditors,
and also as a creditor, in his own behalf and in behalf of all
other creditors.    The prayer is (1) that an account be taken
of the property and debts of the bank; (2) that all creditors
be made parties; (3) that it be ascertained what stockhold-
ers are insolvent, and that the defendants be adjudged liable
to the amount of their stock for the debts against the bank,
and be adjudged to pay into court, for the benefit of the
creditors, the amounts for which they are held liable; and
(4) for such other relief as may be equitable.

The appealing defendants, seven in number, demurred to
the complaint on the ground (1) that the plaintiff has not
legal capacity to sue; (2) that there is a defect of parties de-
fendant, in that *Williams*, as assignee, should be a defend-
ant; (3) that the complaint does not state facts sufficient to
constitute a cause of action.    From an order overruling this
demurrer, this appeal is taken.

For the appellants there was a brief by *J. B. Simpson* and
*Spensley & McIlhon*, and oral argument by *Calvert Spens-
ley*.    They argued, among other things, that the plaintiff
had no legal capacity as assignee to bring the action.    The
creditors are the real parties in interest, and they only can
sue.    *Coleman v. White*, 14 Wis. 700; *Sleeper v. Goodwin*, 67
id. 577; *Booth v. Dear*, 96 id. 516.    The assignee represents
the bank, and is a necessary party defendant.    *Gianella v.
Bigelow*, 96 Wis. 185.    The assets of the bank being in his
hands, there is as much reason for making him, as for mak-
ing the bank, a defendant.

For the respondent there was a brief by *Orton & Osborn*,
and oral argument by *P. A. Orton*.

WINSLOW, J.   Since the decisions of this court in the recent cases of *Gianella v. Bigelow*, 96 Wis. 185, and *Booth v. Dear*, 96 Wis. 516, it cannot be doubted that the plaintiff, as a creditor of the bank, states a good cause of action, under secs. 3223 and 3224, R. S., to charge the defendants, as stockholders of the bank, on account of their additional personal liability to the amount of their respective shares of stock, created by sec. 47, ch. 479, Laws of 1852.   It is settled that this liability is an original, primary liability of the stockholders to the creditors, but to be enforced by an action in equity brought by one creditor on behalf of all.   In *Booth v. Dear*, *supra*, it was said: " It is sufficient to allege and show that the plaintiff is a creditor of the corporation, having a debt due and payable; that he sues on behalf of himself and all other creditors of the corporation; that the defendants are stockholders liable for such indebtedness, under sec. 47, ch. 479, Laws of 1852; and that, if the corporation be not made a defendant, sufficient reason be set forth to warrant the omission."   All this and more is fully set forth in the complaint before us, and we must hold that it states a good cause of action in favor of the plaintiff as a creditor, and on behalf of all other creditors.   The fact that he states that he brings the action also as assignee of the bank cannot affect his right to maintain it as creditor.   He has apparently sued in a dual capacity, and in such a case, if he is entitled to maintain the action in either capacity, the complaint is not demurrable.   *Geilfuss v. Gates*, 87 Wis. 395.

The objection that the assignee must be joined as a party defendant is untenable.   If his presence be necessary in the action (which is not decided), still he is a party plaintiff, and this is sufficient.

*By the Court.*— Order affirmed.