STRINGFELLOW v. PATTERSON.
(No. 1099.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 24, 1917. Rehearing Denied Feb. 21, 1917.)

1. BANKS AND BANKING ⬥⟾49(6) — STOCK-HOLDERS' LIABILITY — LEGAL CHARACTER —STATUTE.

The liability of a bank stockholder, imposed by Vernon's Sayles' Ann. Civ. St. 1914, art. 552, is legal in character, not merely equitable, so that the commissioner of banking can maintain a suit thereon against one stockholder without bringing all others before the court.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 76.]

2. BANKS AND BANKING ⬥⟾49(7) — STOCK-HOLDERS' LIABILITY—PRIMARY CHARACTER—STATUTE.

The liability of a bank stockholder under Vernon's Sayles' Ann. Civ. St. 1914, arts. 459, 552, is a primary, not a secondary liability limited to the payment of the debts and liabilities of the bank at the time it became insolvent, so that, in the bank commissioner's suit against a stockholder to enforce the liability, it is not necessary to allege and prove the amount of the insolvent bank's indebtedness.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 77.]

3. APPEAL AND ERROR ⬥⟾1043(3)—HARMLESS ERROR—DENIAL OF MOTION TO QUASH.

Refusal to consider motion to quash an attachment was harmless, where the motion was without merit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4117.]

---

4. BANKS AND BANKING ☞47(1) — STOCK-HOLDERS' LIABILITY—ASSESSMENT BY COM-MISSIONER.

Where the commissioner of banks assessed the stockholder of an insolvent state bank, on her statutory liability, at the rate of 100 per cent., the assessment created a debt, certain in its amount, which was a primary and not a secondary obligation.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 62, 64, 65, 68, 341.]

5. ATTACHMENT ☞25 — NONRESIDENCE — PERSONAL SERVICE—STATUTE.

That personal service of citation had been made upon defendant did not prevent the issuance of an attachment predicated upon the fact of her nonresidence, under Vernon's Sayles' Ann. Civ. St. 1914, art. 240.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 61–72.]

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Action by John S. Patterson against Nannie T. Stringfellow. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

Cooper & Merrill, of Houston, and W. E. Gee, of Amarillo, for appellant. Veale & Lumpkin, of Amarillo, for appellee.

HALL, J. Appellee, Patterson, in his representative capacity as commissioner of insurance and banking for the state of Texas, brought this action to recover from appellant the sum of $7,000, claimed as the amount for which she was liable under the Texas banking laws, as a stockholder in the First State Bank of Amarillo, which has become insolvent. It is alleged that the bank became insolvent about the 4th day of April, 1914, and that the then commissioner of insurance and banking of the state of Texas, on the 7th day of April, A. D. 1914, had assessed the stockholders of said insolvent bank under their statutory liability at the rate of 100 per cent., and that appellant had failed to pay said assessment and brought this suit to recover the same, together with interest from the 7th day of April, 1914, allowing a credit of $5.14, being the amount of money on deposit belonging to appellant in said bank at the time its doors were closed.

Appellant's original answer, filed March 20, 1916, consisted of a plea in abatement for the want of proper parties, a general demurrer, numerous special exceptions, general denial, and specially answered that if any liability arose against defendant, it was limited to such just and equal assessments against the stock owned and held by her as would, with the collection of such equal assessments from other insolvent stockholders, discharge and pay off the indebtedness of said bank and that 100 per cent. was not a just and equal assessment to discharge and pay off the indebtedness; that there were assets in the hands of the commissioner of banking at the time said bank was closed which, if handled in the ordinary and usual manner of handling such assets, would have paid all the obligations and debts of said bank, and that if they were insufficient to do so, it was because of the negligence and failure of the receiver; that said bank, at the time of the trial of this cause, did not owe exceeding $24,000, and that an assessment of 20 or 25 per cent. of the par value of the stock owned by the stockholders of said bank, together with the assets then in the hands of the receiver of said bank, would fully pay off and discharge all of the indebtedness of said bank. Plaintiff filed a general demurrer and special exceptions to this answer. On the 7th day of January, 1916, plaintiff caused a writ of attachment to be issued in the case, which was placed in the hands of the sheriff of Potter county and levied by him the same day, on a large amount of real estate situated in said county. The writ was duly returned January 15, 1916. On March 27, 1916, appellant filed her motion to quash the attachment, and, before announcement of ready for trial by either of the parties, presented it to the court, which the court refused to consider for the reason that it was not presented and urged at the first week of that term of court. On that day there was a trial, which resulted in an instructed verdict in favor of the plaintiff for the sum of $7,822.58. Judgment was entered accordingly, with a foreclosure of the attachment lien on the property described.

[1] The first and second assignments go to the action of the court in not sustaining the defendant's plea in abatement, or misjoinder of parties defendant. The propositions urged under this assignment are that the liability of a stockholder in a state banking corporation, imposed by article 552 of Vernon's Sayles' Civil Statutes, is enforceable only in equity, and no suit can be maintained therefor without bringing all of the stockholders before the court, since persons materially interested, either legally or beneficially, in the subject-matter of a suit, are necessary parties, either as plaintiffs or defendants. In support of this contention we are cited to the cases of Rehbein v. Rahr, 109 Wis. 136, 85 N. W. 315; Finney v. Guy, 106 Wis. 256, 82 N. W. 595, 49 L. R. A. 486; Booth v. Dear, 96 Wis. 516, 71 N. W. 816; Gianella v. Bigelow, 96 Wis. 185, 71 N. W. 111. These cases arose under a statute by the terms of which the stockholders of insolvent banks were made liable to the creditors of the bank, and under which the right of the receiver to file the suit seems to have been denied. It is provided that the stockholders should be liable ratably, and the court held, we think properly, that the duty of inquiring into the affairs of the bank to ascertain the amount of its assets and its liabilities, and the consequent amount to be

assessed against each stockholder in proportion to the amount of stock owned, was a subject for the consideration of a court of equity. The language of the statute itself is not quoted in the opinions to which we have been referred, but we infer from the holding of the court that its provisions are materially different from those of the Texas statute, even where the power of collecting from the stockholders the amount of their assessments is not vested in a superintendent of banks or a commissioner of banking. It is held that where suit is filed against the several stockholders to recover the full amount of their liability the suit is cognizable in a court of law. Rankin v. Miller (D. C.) 207 Fed. 602; Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168; Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380.

[2] The third assignment of error is that the court erred in overruling defendant's general demurrer to the plaintiff's alleged cause of action, and it is insisted under this assignment that a stockholder's liability under article 552, Vernon's Sayles' Civil Statutes, is a secondary liability, limited to the payment of the debts and liabilities of the bank at the time it became insolvent; that such liability is to be fixed in connection with the liability of all other solvent stockholders, for which reason appellee's pleading should have alleged facts showing such liability. We think the provisions of articles 552 and 459, Vernon's Sayles' Civil Statutes, made the liability of stockholders primary rather than secondary. Article 552 is:

"If default shall be made in the payment of any debt or liability contracted by any bank * * * each stockholder of such corporation, as long as he owns shares therein, and for twelve months after the date of a transfer thereof, shall be personally liable for all debts of such corporation existing at the date of such transfer, or at the date of such default, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred."

Article 459 is:

"The commissioner may, if necessary to pay the debts of such state bank, enforce the individual liability of the stockholders."

In Collier et al. v. Smith, 169 S. W. 1108, we followed the holding in the case of Kennedy v. Gibson, supra, in which it is held under the National Banking Act that it was for the comptroller to decide when it was necessary to institute proceedings against stockholders to enforce their personal liability, and whether the whole, or a part, and, if only a part, how much should be collected; that these questions were referred to his judgment and discretion, and his determination of them was conclusive. Writ of error has been denied by the Supreme Court (176 S. W. xv) in that case, and since the facts in this case show that the assessment was made by the commissioner for the full amount of

appellant's liability, the question raised under this assignment is settled adversely to appellant's contention in the Collier-Smith Case, supra, and need not be again discussed. Appellant's brief contains a great many assignments which simply raise the issues which were presented to this court in the Collier-Smith Case, and which have been decided against the contention made here.

In our opinion, it is not necessary to allege and prove the amount of the insolvent bank's indebtedness. When it is shown that default is made in the payment of any of its debts, the right of the commissioner to take charge of the bank and proceed to enforce the liability of the stockholders is complete.

The appellant complains because the court erred in refusing to permit the presentation of a motion to quash the attachment. The bill of exceptions, as qualified by the trial judge, shows that the ground of the court's refusal was that at the beginning of the term the court announced that the first week thereof would be set aside for the purpose of arguing and disposing of all pleas, exceptions, and dilatory matters which did not go to the merits of the case; that one of the attorneys representing appellant was present, and that all the preliminary matters and exceptions, save the motion to quash the attachment, had been passed upon and the orders entered during said first week; that the motion herein was not filed until after the expiration of that week; that the case was on the jury docket, and no offer was made to present the motion until just before announcement of ready for trial. Under rule 22 for the district courts (142 S. W. xix) we doubt the right of the trial judge to require the disposition of all motions, dilatory pleas, and preliminary matters during the first week of the term. The rule requires the court to set apart a particular day each week of the term when motions, previously made, in which proper notice had been given, should be determined, unless for good cause they should be postponed to a subsequent day or continued by consent to the next term. Nor do we think that the appellant waived its motion to quash the attachment because not presented earlier. Osborn v. Schiffer, 37 Tex. 434; Wallace v. First National Bank, 95 Tex. 103, 65 S. W. 180.

[3] Without deciding these questions authoritatively, we are of the opinion that the motion to quash was itself without merit, and the refusal of the court to consider it, if error, was harmless. The grounds set up in the motion are: (1) Because the obligation sued upon was not a debt; (2) because the action was upon a statutory contract of suretyship, and it is not alleged what debt, if any, the First State Bank of Amarillo is due and owing; (3) because the action is predicated upon an unknown, uncertain, and unliquidated demand; and (4) because the attachment is without authority of law, personal service

being had upon the defendant in the state of Texas, her nonresidence being no grounds for the issuance of an attachment. The first three grounds present, in different form, matters already decided.

[4] We think the assessment by the commissioner created a debt certain in its amount, and that it was a primary and not a secondary obligation.

[5] As to the fourth ground, the fact that personal service of citation had been made upon appellant did not prevent the issuance of an attachment predicated upon the fact of her nonresidence, under Vernon's Sayles' Civil Statutes, art. 240.

For the reasons here given and announced by us in the Collier-Smith Case, all of appellant's assignments are overruled, and the judgment is affirmed.