DIETRICH and another, Executors, Appellants, vs. ESTATE OF LONEY and another, Executrix, Respondents.

*April 5—June 25, 1919.*

*Executors and administrators: Claim against estate: Stockholder's liability.*

Where, after creditors have recovered judgment in an action instituted by them under sec. 3223, Stats., to enforce the liability of stockholders of an insolvent bank under sec. 2024—44, one of them files a claim for judgment recovered by him in such suit against the estate of a deceased stockholder liable under the judgment, his claim against the estate is for the benefit of all the creditors, and they have a right to share in the amount he recovers in proportion to their rights as fixed by the judgment rendered in the creditors' action.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. Ross, Circuit Judge. *Reversed.*

The appeal is from a judgment of the circuit court affirming a judgment of the county court reducing the amount of plaintiff's claim.

In 1895 the Douglas County Bank, a Wisconsin banking corporation at Superior, made an assignment for the benefit of its creditors. It was then indebted over $135,000 and with assets not to exceed $20,000. One H. P. Booth was a creditor and filed his claim, amounting to $713.86, therein, but received no dividend. In August, 1895, said Booth com-

menced an action in the superior court of Douglas county under sec. 3223, Stats., on behalf of himself and other creditors of the bank against the stockholders of said bank to enforce their liability under the provisions of what is now sec. 2024—44, and which at that time, under sec. 47, ch. 479, Laws 1852, read as follows:

"The stockholders in every corporation or association organized under the provisions of this act [regulating banking], shall be individually responsible to the amount of their respective share or shares of stock, for all its indebtedness and liabilities of every kind."

The city of Superior and other creditors intervened and were made plaintiffs.

On January 27, 1900, judgment was duly entered in such action fixing the amount due the respective plaintiffs as follows:

| | |
|---|---:|
| H. P. Booth | $1,040 07 |
| City of Superior | 26,780 30 |
| Haven & Haven | 479 90 |
| Nettie Swenson | 405 26 |
| | $28,705 53 |

It further fixed the liability of the several stockholders made parties defendant at the amount of their respective stock holdings in a sum aggregating $29,500, exclusive of costs. In March, 1901, execution was issued against all of the defendants, and on April 15, 1901, returned unsatisfied.

In October, 1909, there was paid to said Booth the sum of $1,172.95 out of the sum of $1,630 which was realized on said judgment from the estate of one of the defendants, R. B. Dear, such sum being divided between Booth and one of the other intervening plaintiffs. After the application of said sum and computing interest on the balance the amount due said Booth on October 25, 1917, amounted to $606.64. No other payments than those specified were made to any of the plaintiffs in said action.

Prior to October 25, 1917, B. S. Loney, one of the defendants in said action whose liability had been adjudged at the time of the entry thereof at the sum of $1,000, died, and his estate was probated in Douglas county.

Upon notice given to the executrix of the will of said deceased, Loney, said Booth applied to the superior court of Douglas county for leave to file his claim for $606.64 against the said estate. No appearance was made in response to said application on behalf of the Loney estate and leave was thereupon granted by said superior court to so file the claim, which was thereupon done by Booth. The time for filing claims in the Loney estate expired and none of the other judgment creditors in the action in the superior court filed claims therein. The trial court found that the liability of the estate of Loney under the terms of the judgment aforesaid amounted, at the time of the adjustment of the Booth claim therein, to the sum of $2,120, and that Booth was entitled to but a *pro rata* share in said amount of liability in the proportion that his claim bore to the aggregate amount of claims fixed by the judgment in the superior court, and that such proportionate share would be but the sum of $76.83, and disallowed the balance, and also held that the estate of Loney was entitled to costs against the claimant. Subsequent to the filing of his claim Booth died and the proceedings were revived by his executors, who appear as plaintiffs and appellants herein. From the judgment so entered plaintiffs have appealed.

For the appellants the cause was submitted on the brief of *Dietrich & Dietrich* of Superior.

For the respondents there was a brief by *Luse, Powell & Luse* of Superior, and oral argument by *L. K. Luse* and *C. Z. Luse.*

The following opinion was filed April 29, 1919:

ESCHWEILER, J. The respective rights and obligations of the parties in the creditors' action in the superior court were

fixed and determined by the judgment therein entered in 1900 and such respective rights and obligations continued thereafter.

The nature of the form of action that was brought by Booth under sec. 3223, Stats., in the superior court of Douglas county has been so often declared by this court that nothing further need now be said as to the respective obligations of the parties thereto. *Coleman v. White,* 14 Wis. 700; *Booth v. Dear,* 96 Wis. 516, 71 N. W. 816; *Rehbein v. Rahr,* 109 Wis. 136, 85 N. W. 315; *Eau Claire Nat. Bank v. Benson,* 106 Wis. 624, 82 N. W. 604.

The estate of B. S. Loney was liable, pursuant to the terms of the judgment aforesaid, to an amount in excess of the claim filed by Booth.    Under the nature of the relationship fixed by the judgment under the law, the filing of the claim by Booth to the amount of $606.64 was the filing of a just claim to the full amount thereof as against the Loney estate for the benefit, not of himself alone, but for all concerned; the distribution of such amount, when allowed, being for the superior court, where the respective rights of the judgment creditors could be properly determined, and was not within the power of the county court.    The claimant, Booth, could get no better or higher right to the enforcement of his claim in the estate of Loney, so far as he was individually concerned, than would be permitted under the effect of the judgment in the superior court, and on the other hand the Loney estate could not be heard to defeat a just claim to the amount of $606.64 due from that estate to the plaintiff creditors in the superior court action, merely because it had been filed under the name of but one such creditor, when under the law his recovery must be for the benefit of the others.

The proper disposition of this situation requires that the full amount of the claim as filed by Booth should be allowed as against the estate of B. S. Loney, with costs, and when so allowed paid to the clerk of the superior court of Douglas

county, there to be held subject to proper disposition and distribution by the superior court.

*By the Court.*—The judgment of the circuit court is reversed, and the action remanded for further proceedings in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on June 25, 1919.